■ In the Matter of the Claim of HERMAN BAIDA, Appellant. ISADOR LUBIN, as Industrial Commissioner, Respondent.— Appeal by claimant from a decision of the Unemployment Insurance Appeal Board which affirmed the decision of a referee sustaining the initial determinations of the Industrial Commissioner which (1) held claimant disqualified from receiving benefits for

42 days after his registration for benefits, on the ground that he voluntarily left his employment without good cause (Labor Law, § 593, subd. 1), and (2) imposed an additional forfeiture period of 24 days for a willful misrepresentation made to obtain benefits (Labor Law, § 594). There is substantial support in the evidence for the finding of willful misrepresentation in that claimant answered the question "Who was your last employer (Regardless of State)?" by naming a New York employer, although he had subsequently been employed by an employer in Ohio. The 24-day penalty was, therefore, properly imposed. The disqualification for benefits for 42 days was upon a holding that claimant's separation from the Ohio employment was without good cause but "for personal reasons of a non-compelling nature". There is a finding that claimant, while residing in New Jersey, was offered the Ohio employment at wages of $175 per week plus the expenses of moving claimant's family from New Jersey to Ohio, and further findings were made as follows: "No definite agreement was reached, but claimant started to work on a trial basis. By November 11 [five weeks later] there was still no definite agreement as to the terms of a contract. Claimant returned to his home in New Jersey on November 11 and the following day sent a telegram indicating that he was not returning to work." While claimant's credibility was for the board and it was not bound to accept his testimony that the employer sought to reduce his wages and to pay but one half of the moving expenses, nevertheless, upon the very findings which the board approved, we consider unreasonable its conclusion that the separation from employment was without good cause. There is no indication that anything in the nature or circumstances of the employment rendered necessary or advisable a longer trial period. To prolong it, claimant would have been obliged either to continue his separation from his family or to remove them to Ohio with no assurance that the tentative arrangement as to wages and moving expenses would be consummated. His separation from the employment seems to us, therefore, to have been for good cause. Decision modified by reversing so much thereof as determined claimant disqualified for benefits pursuant to subdivision 1 of section 593 of the Labor Law, and as so modified, affirmed, without costs, and matter remitted to the board for further proceedings. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.